IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


RICHARD A. NEAL,
    Petitioner,

vs.                                        Case No.: 5:05cv120/SPM/EMT

JAMES R. McDONOUGH,[1]
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Doc. 15, 16). Petitioner replied (Doc. 18).

       The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

       The procedural background of this case is undisputed by the parties. On October 26, 2001, Petitioner was charged by information with lewd or lascivious molestation on a child under twelve years of age by a person eighteen years of age or older (Doc. 16, Ex. A at 11[2]). On December 12,

---

       [1]James R. McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

       [2]Page numbers refer to the large bold numbers on the lower right hand corner of each page.

2001, the State filed an amended information charging Petitioner with sexual battery on a child under twelve years of age by a person eighteen years of age or older (*id.*, Ex. A at 14). The State also filed a notice of its intent to introduce child hearsay statements (*id.*, Ex. A at 19–20). On September 4, 2002, following a jury trial in the Circuit Court for Bay County, Florida, Petitioner was convicted of sexual battery on a child under twelve years of age (*id.*, Ex. D at 344). He was sentenced to life imprisonment without parole (Doc. 1 at 1).

Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal (the "First DCA"), and presented the following issue:

> THE LOWER COURT REVERSIBLY ERRED BY FAILING TO CONDUCT ANY INQUIRY INTO APPELLANT'S COMPLAINTS ABOUT HIS COURT-APPOINTED COUNSEL, AFTER APPELLANT WROTE TO THE COURT SETTING FORTH THOSE COMPLAINTS AND ASKING THAT COUNSEL BE DISCHARGED, THEREBY DEPRIVING APPELLANT OF HIS STATE AND FEDERAL RIGHTS TO DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF COUNSEL

(Doc. 16, Ex. E). The State filed an answer brief, and Petitioner filed a reply brief; both briefs dealt only with the one issue regarding Petitioner's court-appointed counsel (*id.*, Exs. F, G). The First DCA affirmed the judgment and sentence per curiam without written opinion on April 23, 2004 (*id.*, Ex. H). Neal v. State, 875 So. 2d 1244 (Fla. 1st DCA Apr. 23, 2004). On May 6, 2004, prior the issuance of a mandate, Petitioner filed a notice of supplemental authority and a motion for rehearing, in which he asked the First DCA to "withdraw its opinion and allow supplemental briefing on the issue of admission of inculpatory child hearsay statements, based on a substantive change in the law with regard to the admission of such statements as announced in Crawford v. Washington[3]" (Doc. 16, Ex. J at 10). Petitioner conceded that he had not raised this issue in his briefs or otherwise in the direct appeal (*see id.*, Ex. J at 5, 10). The First DCA denied Petitioner's motion for rehearing and request for supplemental briefing on June 17, 2004 (*id.*, Ex. M) and issued the mandate affirming Petitioner's judgment and conviction on July 6, 2004. Neal v. State, Case No. 1D02-4169, Florida First District Court of Appeal Docket, Docket Entry dated July 6, 2004.

---

[3] 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (March 8, 2004).

Case No: 5:05cv120/SPM/EMT

On August 10, 2005, after Petitioner filed the instant habeas action, he filed an amended motion for post-conviction relief in the First DCA, raising one count of ineffective assistance of appellate counsel (*id.*, Ex. N). On November 10, 2005, the First DCA denied Petitioner's motion per curiam on the merits. Neal v. State, 923 So. 2d 515 (Fla. 1st DCA Nov. 10, 2005).

Petitioner filed the instant habeas action on June 13, 2005 (*see* Doc. 1, envelope). Petitioner raises two issues:

    1. THE STATE COURT FAILED TO DISMISS COUNSEL OF RECORD.

    2. DENIAL TO CONFRONT HIS ACCUSED

(*id.* at 4). Respondent concedes that the petition is timely (Doc. 15 at 6) but argues that Petitioner's first claim is a matter of state law and that Petitioner failed to exhaust his state court remedies on either claim (*id.* at 9, 11, 12–16).

## II. STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.

Section 2254 now provides:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
    (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[4] The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13; Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260–61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343–45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law. Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344. "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the relevant Supreme Court precedent." Wellington, 314 F.3d at 1260 (quoting Fugate v. Head, 261

---

[4]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99, 120 S. Ct. at 1499–1503, 1511–16); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13, 120 S. Ct. at 1518–23). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

F.3d 1206, 1216 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104, 122 S. Ct. 2310, 152 L. Ed. 2d 1065 (2002) (quoting Williams, 529 U.S. at 405)). "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404–06). If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." Fugate, 261 F.3d at 1216. Likewise, if the facts of the Supreme Court cases and the petitioner's case are <u>not</u> substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." *Id.* (citing and quoting Williams, 529 U.S. at 406). A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 410. The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002) (quoting Williams, 529 U.S. at 411). Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003). A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that [the state court] judgment is infected by constitutional

error." Williams, 529 U.S. at 389. "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S. Ct. 2140, 2149, 158 L. Ed. 2d 938 (2004) (citation omitted). Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n.4 (11th Cir. 2002).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." § 2254(e)(1); *see* Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).") (dictum); Fugate, 261 F.3d at 1215 (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835–36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Thus, not only must the state court's factual determination have been unreasonable, but the court's factual findings must be shown unreasonable by clear and convincing evidence. *See* Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005) (citing § 2254(e)(1); Rutherford v. Crosby, 385 F.3d 1300, 1308 (11th Cir. 2004) ("[Petitioner] has not shown by clear and convincing evidence that the Florida Supreme Court's factual finding . . . [wa]s unreasonable in light of the evidence in the state court record.")).

III.    EXHAUSTION AND DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[5] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it

---

[5]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
   (A)  the applicant has exhausted the remedies available in the courts of the State; or
   (B) (i)  there is an absence of available State corrective process; or
      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Id.* (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.* at 7 & n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364 (1995). The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[6] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Id.* at 365–66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a

---

[6]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

Case No: 5:05cv120/SPM/EMT

claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302–03 (citations omitted).[7]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 & n.1, 111 S. Ct. 2546, 2555 & n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must

---

[7]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id*. A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[8] *Id.* Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

A petitioner can overcome a procedural default in two narrow circumstances. The petitioner must either show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Henderson v. Haley, 353 F.3d 880, 892 (11th Cir. 2003); Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. Furthermore, the Eleventh Circuit has held that because there is no constitutional right to an attorney in state post-conviction proceedings, any ineffectiveness of post-conviction counsel cannot be "considered cause for the purposes of excusing . . . procedural default that occur[s] . . . at the state collateral post-conviction level." Henderson, 353

---

[8] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1301–02 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

Case No: 5:05cv120/SPM/EMT

F.3d 892 (citing 28. U.S.C. § 2254(i); <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991); <u>In re Magwood</u>, 113 F.3d 1544, 1551 (11th Cir. 1997); <u>Johnson v. Singletary</u>, 938 F.2d 1166, 1174–75 (11th Cir. 1991)). To establish prejudice, a petitioner must show that there is "at least a reasonable probability that the result of the proceeding would have been different." *Id.*

Alternatively, to satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." <u>Schlup</u>, 513 U.S. at 327. Further,

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

IV.   PETITIONER'S CLAIMS

    A.   <u>Ground one: the state court failed to dismiss counsel of record</u>

(Doc. 1 at 4). Petitioner contends that after he was charged, he wrote to the trial judge, Judge Sirmons, and informed the judge that his appointed counsel, Assistant Public Defender (APD) Kelly McIntosh, had only visited Petitioner in the jail one time; that she neglected to keep him informed about the progress of his case; that she failed to show him the discovery materials or the evidence against him; that she neglected to arrange an evidentiary hearing with regard to suppression of coerced statements, hearsay statements, and illegally obtained information; and that she failed to file a motion for pre-trial release because Petitioner had been incarcerated for sixty-nine days since his arrest (*id.* at 4A). Petitioner requested that his appointed counsel be dismissed from representing him and asked to be represented by a lawyer outside of the Public Defender's office (*id.* at 4A–4B). Judge Sirmons acknowledged receipt of Petitioner's letter, sent copies to APD McIntosh and the Assistant State Attorney, and held a pre-trial conference (*id.* at 4B).

Petitioner states that at the pre-trial conference, APD McIntosh announced that the State had filed an information charging Petitioner with lewd and lascivious molestation of a child under twelve and had made an offer of fifteen years incarceration followed by twenty-five years probation (*id.*). If Petitioner did not take the offer that day, the State would file an amended information charging Petitioner with capital sexual battery, which carries a mandatory life sentence (*id.*). McIntosh told the court that she had advised Petitioner that it would be in his best interest to take the plea, but she did not know what Petitioner wanted to do (*id.*). Petitioner stated to the court that he did not feel comfortable taking a plea without first attaining new counsel (*id.*). McIntosh replied that she had reviewed the letter and that Petitioner had stated no grounds for conflict; additionally, she stated that both she and "Mr. Grabner" had spoken with Petitioner (*id.* at 4C). The court then discussed with Petitioner his options regarding accepting the State's plea offer, and when Petitioner stated that he did not want to accept the offer, the judge concluded the proceeding (*id.* at 4C–4E).

Petitioner alleges that the trial court violated his right to due process and his right to effective assistance of counsel by failing to properly conduct a Nelson[9] inquiry (*id.*, attach. 1 at 2–10).

    1.    Clearly Established Supreme Court Law

Supreme Court precedent on replacement of counsel is well settled. "The [Sixth] Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts. '[A] defendant may not insist on representation by an attorney he cannot afford.'" Caplin & Drysdale v. United States, 491 U.S. 617, 624, 109 S. Ct. 2646, 2652, 105 L. Ed. 2d 528 (1989) (quoting Wheat v. United States, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697, 100 L. Ed. 2d 140 (1988)). "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674

---

[9]Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973). Under Nelson, if a defendant properly informs the trial judge that he wishes to discharge his court appointed counsel due to counsel's ineffectiveness, the judge should inquire into the matter. *See* Hardwick v. State, 521 So.2d 1071, 1074 (Fla.), *cert. denied*, 488 U.S. 871, 109 S. Ct. 185, 102 L. Ed. 2d 154 (1988). If it then appears to the court that reasonable cause exists to believe that counsel is not rendering effective assistance, the court should appoint substitute counsel. *Id.* A Nelson inquiry is not needed if the defendant wishes to retain private counsel. Comer v. State, 730 So.2d 769, 72 (Fla. 1st DCA 1999); Augsberger v. State, 655 So.2d 1202, 1205 (Fla. 2d DCA 1995).

(1984). It is only when counsel is shown to be ineffective or where there is a legal conflict of interest that counsel should be replaced.

In order to demonstrate that trial counsel was ineffective, a petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687–88. If a petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697. Thus, this court need not address the prejudice prong if the court determines that the performance prong is not satisfied. Turner v. Crosby, 339 F.3d 1247, 1279 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034, 124 S. Ct. 2104, 158 L. Ed. 2d 718 (2004); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation omitted).

"The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)).

> Trying cases is no exact science. And as a result, we must never delude ourselves that the fair review of a trial lawyer's judgment and performance is an activity that calls for great precision or for a categorical approach. When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." Atkins v. Singletary, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy." Devier v. Zant, 3 F. 3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it can be shown that no reasonable lawyer, in the circumstances would have done so.

Rogers v. Zant, 13 F. 3d 384, 386 (11th Cir. 1994); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (to show counsel's performance was unreasonable, defendant must establish that no competent counsel would have taken the action that his counsel did take); Chandler, 218 F.3d at 1313 (issue is not what is possible, prudent, or appropriate, but what is constitutionally compelled) (citing Burger v. Kemp, 483 U.S. 776, 107 S. Ct. 3114, 3126, 97 L. Ed. 2d 638 (1987)).

An attorney's responsibility with respect to plea offers is to "provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam). The attorney should investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each. Stano v. Dugger, 921 F.2d 1125, 1152 (11th Cir. 1991).

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. Wellington, 314 F.3d at 1260. The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" Id. (quoting Strickland, 466 U.S. at 693). Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors. . . . [T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.

Id. at 695–96.

        2.        Federal Review of State Court Decision

Petitioner contends that the trial court's failure to conduct a proper Nelson hearing deprived him of his right to effective assistance of counsel and his right to due process (Doc. 1, attach. 1 at 2–10). He raised these issues in one claim in his direct appeal (Doc. 16, Ex. E), and the First DCA denied his claim per curiam without written opinion (id., Ex. H). Although the state court denial of Petitioner's claim without opinion provides no guidance to this court in determining the rationale

for its decision, this court must still defer to the state court decision unless review of the record shows that decision to be unreasonable. *See* Helton v. Secretary for Dept. of Corrections, 233 F.3d 1322, 1326–27 (11th Cir. 2000); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000); Hannon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997).

In order for Petitioner to prevail on his claim that the trial court deprived him of effective assistance of counsel, Petitioner must show that he was not adequately represented by court-appointed counsel. Thus, he must show that his counsel's performance was deficient and that but for the deficient performance the result of his proceeding would have been different.[10] In his letter to Judge Sirmons, Petitioner alleged that his counsel, APD McIntosh, had only visited Petitioner in the jail one time; that she neglected to keep him informed about the progress of his case; that she failed to show him the discovery materials or the evidence against him; that she neglected to arrange an evidentiary hearing with regard to suppression of coerced statements, hearsay statements, and illegally obtained information; and that she failed to file a motion for pre-trial release (Doc. 1 at 4A; Doc. 16, Ex. Q). Judge Sirmons held a hearing on Petitioner's letter; at the hearing, Judge Sirmons explained Petitioner's options regarding the plea offer but neglected to state on the record that no reasonable basis existed for a finding of ineffective representation, as required by Nelson (Doc. 1, attach. 1 at 2–9; *see* Doc. 16, Ex. B). In his instant petition, Petitioner states that he was harmed because he was forced to choose between taking the State's plea agreement and proceeding to trial with defense counsel he did not believe was properly representing him (Doc. 1, attach. 1 at 9). Petitioner has not alleged that his counsel took any ineffective action (or failed to take action) after the hearing.

None of Petitioner's allegations satisfy both prongs of the Strickland test. First, assuming counsel's failure to file a motion for pre-trial release was deficient, this failure did not prejudice Petitioner's case. Even if counsel had filed a motion for pre-trial release and succeeded on that motion, there is no reasonable possibility that Petitioner's release would have changed the final results of the trial. Next, regarding Petitioner's allegation that his counsel "neglected to arrange an evidentiary hearing," Petitioner cannot show deficient performance. The record shows that counsel

---

[10] Petitioner has not alleged any actual legal conflict.

did file a motion to suppress Petitioner's confession (Doc. 16, Ex. A at 37–39) and four motions in limine to limit the introduction of child hearsay statements and other evidence harmful to Petitioner's case (*id.*, Ex. A at 42–51).  The State agreed to many of the stipulations provided in the motions in limine (*id.*, Ex. A at 186–192).  The court held a hearing on the remaining issues (*id.*, Ex. A at 186–249) and granted in part the motion to suppress Petitioner's confession (*id.*, Ex. A at 252–258).  Moreover, Petitioner has not alleged and cannot show any prejudice to his case resulting from his counsel's failure to file the motions sooner.

Finally, Petitioner's contention that he was harmed when he was forced to decide whether to take the State's plea offer cannot meet either prong of Strickland.  First, Petitioner has not demonstrated deficient performance.  Although he states that his counsel only visited him one time at the jail and that she neglected to keep him informed about the progress of his case, Petitioner admits that his counsel told him of the State's plea offer and advised him to take it (*see* Doc. 1 at 5).  The record shows that counsel visited Petitioner another time after the hearing and again advised Petitioner to take the plea, but Petitioner refused (*see* Doc. 16, Ex. C).  Petitioner does not allege that his counsel failed to provide him with an understanding of the law in relation to the facts, and Petitioner's allegation that counsel failed to show him the evidence against him is contradicted by Petitioner's allegation that counsel failed to file motions to suppress the evidence against him.  Additionally, even assuming that counsel's performance was in some way deficient, Petitioner has not demonstrated prejudice to his case.  Petitioner does not allege that he would have taken the State's plea agreement if not for his counsel's deficient performance, nor does Petitioner allege that counsel's performance had an adverse affect upon the final result of his trial.

Therefore, the record shows that Petitioner was adequately represented by court-appointed counsel, and the trial court did not deprive Petitioner of his Sixth Amendment right to effective assistance of counsel by failing to replace Petitioner's counsel.

Petitioner's due process claim also does not merit relief.  This court will not review the adequacy of the Nelson hearing held by the trial court, because Nelson hearings are a matter of Florida state law.  Federal habeas relief is available to correct only federal constitutional injury.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991); Wainwright v. Goode, 464 U.S. 78, 83–84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983).

"A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1992) (quoting Carrizales, 699 F.2d 1053). Furthermore, Petitioner may not obtain federal habeas review of his state law claim simply by "couching" it in terms of due process. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); Willeford v. Estelle, 538 F.2d 1194, 1196–98 (5th Cir. 1976). Rather, "[f]or a state court . . . ruling to merit federal habeas corpus relief, the ruling must have deprived the petitioner of fundamental fairness, thus depriving him due process of law." Burden v. Zant, 903 F.2d 1352, 1363 (11th Cir. 1990); *see also* Felker v. Turpin, 83 F.3d 1303 (11th Cir. 1996). The fundamental fairness of the proceeding is affected only if the state trial error was "material in the sense of a crucial, critical, highly significant factor." Tejada, 941 F.2d at 1560. Additionally, the erroneous ruling must have "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353 (1993).

Although Petitioner asserts that the trial court's failure to hold a Nelson inquiry resulted in a federal due process violation, his discussion of the issue, both in his state appeal and in his instant federal petition, is limited to state law issues (*see* Doc. 16, Ex. E at 30–38; Ex. G at 2–5; Doc. 1 at 4, attach. 1 at 2–10).[11] Specifically, Petitioner's argument is that the trial court violated Florida law by not complying with the requirements of Nelson, and that this state law violation resulted in a federal due process violation. Therefore, in order to obtain federal habeas relief, Petitioner must show that he was deprived of fundamental fairness and that the erroneous ruling "had substantial and injurious effect or influence in determining the jury's verdict." Zant, 903 F.2d at 1363; Brecht, 507 U.S. at 637, 113 S. Ct. at 1722. As discussed above, Petitioner cannot show that he was deprived of effective assistance of counsel; therefore, he cannot show that the state court's alleged error in conducting the Nelson hearing was so "critical or important to the outcome of the trial to render the entire trial fundamentally unfair." Tejada, 941 F.2d at 1560.

---

[11]Petitioner does not allege a violation of his right to self-representation (Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975)) or that actual conflict existed with his court-appointed counsel (Mickens v. Taylor, 532 U.S. 162, 122 S. Ct. 1237, 152 L. Ed. 2d 291 (2002)).

Therefore, Petitioner's claim that the trial court deprived him of effective assistance of counsel and due process is without merit, and the state court did not contrarily or unreasonably apply clearly established Supreme Court law when it denied Petitioner's claim.

  B.  Ground two: denial to confront his accused

(Doc. 1 at 4). Petitioner asserts that the trial court admitted child hearsay statements made by the victim (*id.* at 4H). The trial court determined that the statements were admissible under Florida's "reliability" test (*id.*, attach. 1 at 12). Subsequent to Petitioner's trial, the Supreme Court decided Crawford v. Washington, and held that testimonial evidence could not be admitted simply upon a finding of reliability without opportunity for cross-examination (*id.*, attach. 1 at 13–14). Therefore, Petitioner contends that the trial court's admission of the victim's hearsay statements, solely upon a finding that the statements were reliable, deprived Petitioner of his right to cross-examine the victim at trial (*id.*, attach. 1 at 14–15).

  Respondent contends Petitioner did not exhaust his confrontation clause claim, because he did not object on confrontation clause grounds to the victim's statements introduced at trial, and he did not raise the confrontation clause issue on direct appeal until his motion for rehearing (Doc. 15 at 13–16).

  Upon review of the state court record, the undersigned concludes that Petitioner did not exhaust his federal claim in the state courts. As discussed above, to satisfy the exhaustion requirement, Petitioner must have fairly presented the substance of his federal claim to the state courts. Picard, 404 U.S. at 277–78. To be fairly presented, a claim must be presented "in a procedural context in which its merits will . . . be considered." Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989) (holding that submission of new claim to state's highest court on discretionary review does not constitute fair presentation); *see also* Casey v. Moore, 386 F.3d 896 (9th Cir. 2004) (same); St. Helen v. Senkowski, 374 F.3d 181 (2d Cir. 2004) (same); Parkhurst v. Shillinger, 128 F.3d 1366 (10th Cir. 1997) (same). Petitioner presented his Crawford claim for the first and only time to the First DCA in his motion for rehearing (Doc. 16, Exs. E, F, G, J; *id.*, Ex. J at 5, 10). The First DCA denied his motion (*id.*, Ex. M). It is well settled under Florida law that issues not previously raised in the briefs or in oral arguments cannot be

Page 19 of 20

presented for the first time in a motion for rehearing. Fla. R. App. P. 9.330(a) ("A motion for rehearing . . . shall not present issues not previously raised in the proceeding."); Sag Harbour Marine, Inc. v. Fickett, 484 So. 2d 1250 (Fla. 1st DCA 1985) ("It has been repeatedly held that a party cannot present arguments in a motion for rehearing that have not been presented to the court in the appellate briefs or oral argument."); Sarmiento v. State, 371 So. 2d 1047 (Fla. 3d DCA 1979) (same); Price Wise Buying Group v. Nuzum, 343 So. 2d 115 (Fla. 1st DCA 1977) (same). Since Petitioner did not raise his claim in a context in which its merits would be considered, he did not fairly present his claim to the state courts.

Petitioner's failure to raise his federal claim on direct appeal means that he deprived the state courts of "the first opportunity to hear the claim[ ] sought to be vindicated in a federal habeas proceeding." Bailey, 172 F.3d at 1305 (internal quotation omitted). Accordingly, this court applies the familiar principle that "federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Id.*

In the instant case, Petitioner's failure to raise this issue in his direct appeal or his Rule 3.850 motion in the Florida courts bars him from raising the argument in a successive motion. *See* Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003). Therefore, this court may treat this claim as procedurally defaulted. Moreover, Petitioner has failed to allege cause and prejudice for his failure to raise this federal claim in the state proceedings. Petitioner had two chances to raise his Crawford claim; because he did not raise it in his direct appeal, he could have raised it in his Rule 3.850 motion. Indeed, the record shows that Petitioner was aware of the Crawford claim before he filed his Rule 3.850 motion, but he has not alleged cause for his failure to raise the claim in that motion (*see* Doc. 16, Ex. N). Finally, Petitioner has not produced additional evidence establishing his actual innocence, so he cannot satisfy the miscarriage of justice exception. Schlup, 513 U.S. at 327; Isaacs v. Head, 300 F.3d 1232, 1255 (11th Cir. 2002). Thus, Petitioner is procedurally barred from bringing any federal claim based on the alleged violation of his rights under the confrontation clause.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that James R. McDonough is substituted for James V. Crosby, Jr. as Respondent.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED with prejudice**.

At Pensacola this 18th day of December 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**